UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DMITRII IASTREBOV,

        Petitioner,

    v.

WARDEN OF FLORIDA SOUTH
SOFT SIDE SOUTH,  ICE FIELD
OFFICE DIRECTOR, GARRET J
RIPA;  SECRETARY OF
HOMELAND SECURITY,
MARKWAYNE MULLIN, IN HIS
CAPACITY; AND  ATTORNEY
GENERAL OF THE UNITED
STATES, TODD BLANCHE IN HIS
CAPACITY,

        Respondents.

Case No. 2:26-cv-1289-KCD-DNF

## **ORDER**

Petitioner Dmitrii Iastrebov has a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA") and the Fifth Amendment. Respondents now concede that Petitioner is entitled to a bond hearing under *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026), which held that "aliens

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

unlawfully in the interior" are entitled to seek release from immigration custody through 8 U.S.C. § 1226. *Id.* at *19. (Doc. 22.)[2]

Petitioner demands his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Petitioner is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Petitioner with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent Petitioner also seeks relief under the Fifth Amendment, such claims are not addressed "given that the Court [is granting] the relief [he is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D.

---

[2] The Government does offer one procedural roadblock: exhaustion. By the Government's telling, Petitioner should have asked an immigration judge for a bond hearing before seeking relief in federal court. But that argument ignores the reality on the ground. Petitioner filed this case on April 19, 2026. It wasn't until May 6 that the Eleventh Circuit decided *Hernandez Alvarez*—the very case the Government now concedes entitles him to a hearing under § 1226(a). Before that decision, the agency's position was that interior aliens like Petitioner were simply ineligible for such relief. Demanding that he ask an immigration judge for a hearing he was essentially barred from receiving at the time is demanding an exercise in pure futility. We do not require petitioners to run administrative obstacle courses when the finish line is preemptively blocked. The failure to exhaust is therefore excused.

Mich. Sept. 9, 2025). If the Government does not provide Petitioner with a bond hearing as ordered or he remains in custody, he can renew his other claims in a subsequent suit.

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders the Government to provide Petitioner with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on May 13, 2026.

Kyle C. Dudek
United States District Judge

3